**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 113479

BARSHAY | SANDERS ᴘʟʟᴄ
100 Gᴀʀᴅᴇɴ Cɪᴛʏ Pʟᴀᴢᴀ, Sᴜɪᴛᴇ 500
Gᴀʀᴅᴇɴ Cɪᴛʏ, Nᴇᴡ Yᴏʀᴋ 11530

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| Sean Wheeler, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>American Recovery Systems-ARS, Inc.,<br><br>Defendant. | Docket No:  5:17-cv-646 (MAD/TWD)<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Sean Wheeler, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against American Recovery Systems-ARS, Inc. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1.       This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.       This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.       Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.      Plaintiff Sean  Wheeler is an individual who is a citizen of the State of New York residing in Madison County, New York.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      On information and belief, Defendant American Recovery Systems-ARS, Inc., is a New York Corporation with a principal place of business in Oneida County, New York.

8.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10.      Defendant alleges Plaintiff owes a debt ("the Debt").

11.      The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12.      Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13.      Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14.      In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated August 28, 2016. (**Exhibit 1.**")

15.      The Letter was the initial communication Plaintiff received from Defendant.

16.      The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(3)
### Validation of Debts

17.      Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18.      15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19.    15 U.S.C. § 1692g(3) requires the notice to include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

20.    There is no requirement that the consumer dispute the debt in writing.

21.    It is a violation of FDCPA to require disputes be made in writing.

22.    The Letter states, "PURSUANT TO THE NOTICE BELOW, DISPUTES ON THIS ACCOUNT MUST BE IN WRITING." (Emphasis in original.)

23.    The Letter explicitly states that Defendant will not accept verbal debt disputes.

24.    Defendant's requirement that disputes must be in writing is a violation of the FDCPA.

25.    Defendants' conduct, as set forth above, violates § 1692g(a)(3).

## SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

26.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

27.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

28.    While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

29.    The Letter's statement that disputes must be in writing is false.

30.    The least sophisticated consumer would likely be deceived by Defendants' conduct.

31.    The least sophisticated consumer would likely be deceived in a material way by Defendants' conduct.

32.    The least sophisticated consumer would likely believe that disputes of the debt must be in writing.

33.    Defendants' conduct violates 15 U.S.C. § 1692e.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

## CLASS ALLEGATIONS

34.     Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a collection letter which states that debt disputes must be in writing, from one year before the date of this Complaint to the present.

35.     This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

36.     Defendant regularly engages in debt collection.

37.     The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a collection letter which states that debt disputes must be in writing.

38.     Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

39.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

40.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**JURY DEMAND**

41.    Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.   Certify this action as a class action; and

b.   Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c.   Find that Defendant's actions violate the FDCPA; and

d.   Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.   Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.   Grant Plaintiff's costs; together with

g.   Such other relief that the Court determines is just and proper.

DATED: June 15, 2017

**BARSHAY SANDERS, PLLC**

By:  _/s/ David M. Barshay_____
David M. Barshay, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
dbarshay@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 113479